# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and Benefit of RALPH G. DEGLI OBIZZI & SONS, INC., | ) ) ) ) |
| Plaintiff, | ) Civ. No. ) |
| v. | ) ) JURY TRIAL DEMANDED |
| DOBCO, INC. and LIBERTY MUTUAL INSURANCE COMPANY, | ) ) ) |
| Defendants. | ) ) ) |

## COMPLAINT

Plaintiff Ralph G. Degli Obizzi & Sons, Inc. ("RGD") alleges the following claims against Defendants Dobco, Inc. ("Dobco") and Liberty Mutual Insurance Company ("Liberty Mutual")

## NATURE OF THE ACTION

1. RGD brings this action under, among other bases, the "Miller Act," as amended. *See* 40 U.S.C. § 3131, *et seq*. Dobco engages in commercial and institutional building construction. Dobco contracted with the United States Army Corp Engineers ("USACOE") as the prime general contractor for construction of the Welch Elementary School (the "Welch Project"), located on the Dover Air Force Base in Kent County, Delaware. RGD is a plumbing and HVAC contractor and subcontracted directly with Dobco to fabricate and/or install the plumbing and HVAC work for the Welch Project. *See* **Exhibit A** (the "RGD Subcontract"). Liberty Mutual is an insurance provider and is the surety for the payment and performance bonds that Dobco, as Principal on the bonds, was required to secure with its contract to construct the

Welch Project, to ensure payment for labor and materials provided to the Welch Project under the general contract. *See* **Exhibit B** (the "Welch Project Payment and Performance Bonds," issued by Liberty Mutual Insurance Company and Arch Insurance Company as co-sureties, with Dobco as the principal).

2. RGD executed the Subcontract with Dobco on or about July 8, 2019 (*See* **Exhibit A**) and began its work on the Welch Project site shortly thereafter. RGD's Subcontract was set for a fixed price of $4,599,000.00, subject to additions and deduction as provided therein. Id.

3. RGD has completed a substantial amount of work, all of which has been accepted into and made part of the Welch Project. As provided in the RGD Subcontract, RGD submitted regular payment requests for completed work. *See* **Exhibit C** (May 18, 2023, claim letter to Anna L. Felix, Surety Claims Counsel for Liberty Mutual, at exhibit 4 attached thereto). For work completed through 4/31/2022, Application and Certificate for Payment, Dobco regularly paid RGD's AIA payment requests, less retention. As of the date of this Complaint, Dobco has paid RGD $2,436,739.05 for work completed under the subcontract. However, for work completed from 5/1/2022 to date of the Complaint, Dobco has failed and refused to pay RGD for such completed work which was accepted into and made part of the Welch Project. Dobco has not provided documented justification to RGD to withhold any portion of the payments due to RGD for its completed work.

4. In addition to the in-scope work under the RGD Subcontract, RGD completed a substantial amount of out of scope, or change order work ("CO"), all of which was based on specification approved and accepted by Dobco. *See* **Exhibit C** (May 18, 2023, claim letter to Anna L. Felix, Surety Claims Counsel for Liberty Mutual, at exhibits 2 and 3 attached thereto).

In combination with exchange of work specification and approvals for the work, RGD also submitted consulting terms for the work. As of the date of this Complaint, Dobco has failed and refused to pay RGD for the completed CO work and has not provided documented justification to RGD for withholding payment for the completed COs.

5. On or about July 5, 2022, the USACOE issued a stop-work order on the Welch Project due to deficiencies. The stop-work order remains in effect.

6. On December 12, 2022, the USACOE shut down the project. On January 10, 2023, USACOE issued a formal notice to cure to Dobco. To date, to RGD's knowledge, RGD remains ready willing and able to complete the work on the Welch Project.

7. Despite repeated demands by RGD for more than a year, Dobco has failed to provide any documentation or other credible and reliable information that RGD's work is deficient, in any manner or to any extent, or that RGD's work was not performed with full documentation and approval through Dobco and/or the responsible federal contracting authorities and their agents.

8. RGD continues as the prime plumbing and HVAC subcontractor under the RGD Subcontract. Notwithstanding the stop-work order, RGD continues to be involved with the Welch Project at Dobco's request and/or with Dobco's approval by providing repairs for deficient work by other trades/subcontractors. Although RGD has disengaged from the regular day to day performance of work under the RGD Subcontract because of the stop-work order, it has re-engaged for remediation and repair work and remains ready to re-engage upon lifting of the stop-work order.

9. RGD repeatedly requested Dobco to pay for the completed work, to no avail. On May 18, 2023, RGD submitted a claim to Liberty Mutual against the Welch Project Payment Bond for $1,145,255.69. *See* **Exhibit C**. That claim includes the completed-in-scope work ($299,626.80, *See* **Exhibit C**) and the completed CO work ($845,628.89; *See* **Exhibit C**). *Id*. Upon information and belief, Liberty Mutual is the sole surety responsible for claims against the Welch Project Payment Bond.

10. On June 8, 2023, RGD increased its Payment Bond claim by $2,433.00, for a total amount claimed of $1,147,688.69.

11. As of the date of this Complaint, RGD's claim has not been paid.

12. RGD is entitled to payment for its completed work under the Welch Project Payment Bond, the RGD Subcontract, and applicable federal and state law. It is also entitled to pre-judgment and post-judgment interest and fees as provided under applicable law.

## THE PARTIES

13. RGD is a plumbing, mechanical and HVAC contractor located at 400 Robinson Lane Wilmington, DE 19805.

14. Dobco, on information and belief, is a corporation duly authorized to engage in contracting services in the state of New Jersey with its principal office location at 1 Geoffrey Way, Wayne, NJ 07470.

15. Liberty Mutual is a corporation organized under the laws of the Commonwealth of Massachusetts and is headquartered in Boston, Massachusetts.

16. The United States of America is named as a party solely as a statutory requirement under 40 U.S.C. § 3133(b)(3)(A), is otherwise a nominal party whose presence and participation in this action is not required, and need not be party in fact.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) because the claims asserted arise under 40 U.S.C. § 3131 *et seq*., 28 U.S.C. § 1352 (bonds under federal law) as the Welch Project Payment Bond was required by federal law governing public works by the federal government, and 28 U.S.C. § 1367 (supplemental jurisdiction), as well as the doctrines of ancillary and pendent jurisdiction, because the non-federal claims are so related to claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

18. This Court has personal jurisdiction over Dobco and Liberty Mutual because the Welch Project is located entirely in Delaware, and a substantial portion, if not all of the work and related services provided to Welch Project under Dobco's general contract occurred in Delaware, and the work and services covered by the Welch Project Payment Bond for which Liberty Mutual is the responsible surety were provided in Delaware. Both Dobco and Liberty Mutual Knowingly and deliberately engaged in significant activities in Delaware, thereby creating a substantial connection with Delaware form which they could reasonable foresee being subject to litigation in Delaware. Defendants have engaged in sufficient minimum contracts and have created a sufficient relation with Delaware *vis-a-vis* the Welch project and Welch project

payment bond to secure personal jurisdiction by the Court for this action. *See* International Shoe Co. v. Washington, 326 U.S. 310 (1945)

19. Venue is proper in the district of Delaware because the Miller Act requires that an action thereunder "must be brought… in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy." *See* 40 U.S.C. §3133(b)(3)(B). To the extent that Defendants may claim venue lies elsewhere, the statute requiring venue in this Court supersedes any such claim.

## BACKGROUND FACTS

20. Following a bidding process, Dobco was selected as the general contractor for construction of the Welch Elementary School (*i.e.,* the Welch Project) on the Dover Air Force Base in Delaware, which would replace the Dover Air Base Middle School.

21. On or about February 27, 2019, Dobco entered Contract Number W912BU-19-C-0017 (the "general contract") with the USACOE as the prime general contractor for the Welch Project.

22. At all times pertinent to the claims in this action, Dobco has been and continues as the prime general contractor for the Welch Project.

23. The Welch Project is the construction of a public work or building of the Federal Government. As such, among other requirements, the contractor awarded such a project must secure a payment bond "for the protection of all persons supplying labor and material in carrying out the work provided for in the contract for the use of each person." 40 U.S.C. § 3131(b)(2). Further, the amount of the bond must be equal to the amount payable under the terms of the contract for the project. *Id*. The amount of the Welch Project Payment Bond is $47,962,590.00.

*See* **Exhibit B**.

24. RGD began its work on the Welch Project in or around July 2019.

25. RGD engaged in its work from July 2019 through July 2022 and continues to the present.

26. The Project is currently idled under a stop-work order from the USACOE and remains incomplete.

27. Under the RGD's Subcontract, the process for requesting payment for completed work is to apply for payment (using an "AIA" form) at the end of a month for the work completed that month. *See* **Exhibit A** at §§ 11.1.2 and 11.1.3 (Payments), and the "Subcontract Attachment" contained therein at Section 4 (Payment).

28. Under the RGD's Subcontract and associated federal law and regulations, payments to RGD were to be made no later than seven days from receipt of payment by Dobco, "out of such amounts as [were] paid to [Dobco] under the General Contract." *See* **Exhibit A**, "Subcontract Attachment" at Section 4, p.4.  Further, Dobco must pay an interest penalty to RGD for each late payment not made in accordance with Section 4, which accrues from the date of the required payment until the date the payment is made.  *Id.*, *see also* Federal Acquisition Regulation ("FAR") § 52.232-27(c).  Federal Acquisition Regulations are required to be incorporated into and made part of the subcontract.  *See* **Exhibit A**, "Subcontract Attachment" at Section 10, p. 8.

29. RGD proceeded with its work and regularly submitted applications for payment to Dobco, for work that was completed from September 2019 through July 2022. *See* **Exhibit C**.

30. Dobco paid RGD's payment applications for work completed through April 2022, less retainage. For all work under the RGD Subcontract, including CO work as identified in **Exhibit C**, Dobco has failed and refused to pay RGD for the completed work.

7

31. Under the RGD Subcontract, Dobco was not entitled to the wholesale retention or withholding of payment to RGD for completed work. *See* **Exhibit A**, at § 11.1.8.1.

32. To the extent that Dobco believed it was entitled to withhold payment to RGD, it was obligated to provide written notice to RGD (with a copy to the federal Contracting Officer), specifying "(1) The amount to be withheld; (2) The specific causes for the withholding under the terms of the subcontract; and (3) The remedial actions to be taken by the subcontractor in order to receive payment of the amounts withheld." *See* FAR 52.232-27(g). This regulation was incorporated into the subcontract. *See* Subcontract Attachment, at p. 11. The foregoing allegations are not an admission, and may not be read as such, that Dobco was justified or authorized to withhold payment from RGD, for any reason.

33. As of the date of this complaint, Dobco has not provided any written notice to RGD in conformance with FAR 52.232-27(g), or on any other basis, to justify its non- payment for completed work, nor have they provided any reasonable guidance for why payment has been withheld from RGD or what steps RGD may reasonably take to secure payment for its completed work. The foregoing allegations are not an admission, and may not be read as such, that Dobco was justified or authorized to withhold payment from RGD, for any reason.

34. Dobco has not provided documentation to RGD that its work has been rejected in whole or in part, and RGD maintains that there is no legitimate reason to reject the completed work.

35. Dobco has not provided documentation to RGD to demonstrate that Dobco has not been paid by the USACOE or the Federal Government for in-scope work that RGD completed on the Welch Project, and RGD maintains that Dobco is and has been able to pay

RGD for the completed work.

36. Dobco has not provided documentation or other substantive materials to RGD that the completed and accepted COW was not approved on technical grounds, that the work was not in fact completed, or that the work or the costing terms were rejected in whole or in part, and RGD maintains that there is no legitimate basis to deny it payment for the completed work.

## COUNT I

### BREACH OF PAYMENT BOND OBLIGATIONS (40 U.S.C. § 3131 *et seq.*) (Dobco, Inc. and Liberty Mutual Insurance Company)

37. RGD hereby repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 36.

38. Pursuant to the terms of the Welch Project Payment Bond, Dobco and Liberty Mutual jointly and severally guaranteed the prompt payment to all persons having a direct relationship with Dobco who furnished labor, materials, or both in the prosecution of the work provided for in Dobco's general contract, *i.e.*, the Welch Project. *See* **Exhibit B**.

39. RGD has a direct relationship with Dobco and furnished labor and materials that were used in the prosecution of the work provided for in the general contract and the subcontract.

40. Despite RGD's demands to Dobco and Liberty Mutual for the prompt payment of the labor and materials RGD provided to the Welch Project, including in scope work and CO work, Dobco and Liberty Mutual have failed and refused to pay RGD for the supplied labor and materials as they are required to do under the Welch Project Payment Bond.

41. Under 40 U.S.C. § 3133, the Welch Project Payment Bond is not subordinate to the RGD's Subcontract or to Dobco's general contract, including any alleged pay-when-paid

term in either contract. Similarly, any such alleged term, including any claim by Dobco or Liberty Mutual of a waiver of the right to bring this claim is void.

42. RGD is entitled to prompt payment by Liberty Mutual and Dobco under the Welch Project Payment Bond for the labor, material and services furnished by RGD for Dobco's use in the Welch Project, including both in-scope work and CO work.

43. Exclusive of interest and other applicable fees and damages, the unpaid amount currently owed to RGD is $1,147,688.69.

**WHEREFORE**, Plaintiff RGD demands judgment in its favor and against Defendants Dobco, Inc. and Liberty Mutual Insurance Company, in the amount of $1,147,688.69, plus pre-judgment and post-judgment interest, fees (including attorneys' fees), damages (to be proven at trial), and such other relief as the Court deems just and equitable.

## COUNT II

### BREACH OF CONTRACT
### (Dobco, Inc.)

44. RGD hereby repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 43.

45. RGD and Dobco entered into the RGD Subcontract, wherein RGD agreed to provide labor and materials to the Welch Project under the terms specified therein, and Dobco agreed to promptly pay for the labor and materials RGD provided to the project.

46. Dobco materially breached the RGD Subcontract by failing and refusing to pay RGD the amount due for the labor and materials supplied, including both in-scope work and CO work, by failing and refusing to pay said sums in a timely manner, and by otherwise failing and refusing to comply with the terms of the RGD Subcontract.

47. As a direct and proximate result of Dobco's material breach of the RGD Subcontract, RGD has suffered damages of $1,147,688.69, which sum is exclusive of interest, fees, and other damages to which RGD is entitled.

**WHEREFORE**, Plaintiff RGD demands judgment in its favor and against Defendant Dobco, Inc., in the amount of $1,147,688.69, plus pre-judgment and post- judgment interest, fees (including attorneys' fees), damages (to be proven at trial), and such other relief as the Court deems just and equitable.

### COUNT III

### QUANTUM MERUIT (In the Alternative)
### (Dobco, Inc. and Liberty Mutual)

48. RGD hereby repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 47.

49. At Dobco's request and direction, and with Dobco's knowledge, consent and acquiescence, RGD supplied labor and materials for construction of the Welch Project.

50. Dobco received and accepted the full value and benefit of the labor and materials supplied by RGD to Dobco, all of which were incorporated into the Welch Project, including both in-scope work and CO work completed through July 2022 and continuing to the present.

51. Dobco accepted the work supplied by RGD with the full knowledge that RGD expected to be paid the reasonable and/or agreed upon compensation for those services, as evidenced by the AIA and CO work submissions. *See* **Exhibit C**.

52. The reasonable value of the services performed by RGD and for which RGD has not been paid is $1,147,688.69, exclusive of accrued interest.

53. In the alternative to its breach of contract and general payment bond claims, RGD is entitled to recover from Dobco and Liberty Mutual under the Welch Project Payment Bond, in *quantum meruit*, the principal sum of $1,147,688.69, which sum is exclusive of accrued interest for the labor performed and materials supplied to Dobco for the Welch Project.

**WHEREFORE**, Plaintiff RGD, demands judgment in its favor and against Defendant Dobco, Inc. and Liberty Mutual in the amount of $1,147,688.69, plus pre-judgment and post-judgment interest, fees (including attorneys' fees), damages (to be proven at trial), and such other relief as the Court deems just and equitable.

## COUNT IV

### DELAWARE PROMPT PAYMENT ACT – 6 *Del. C*. § 3501 *et seq*.
### (Dobco, Inc.)

54. RGD hereby repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 53.

55. The Welch Project is entirely located in the State of Delaware.

56. All the work that RGD provided to the Welch Project, and all the Work that was contemplated it would provide to the Welch Project occurred in Delaware.

57. Both RGD and Dobco understood during the negotiations for the RGD Subcontract, and as of the execution and effective date of the contract, that the work contemplated and defined under that contract would be provided in Delaware.

58. Under 6 *Del. C*. § 3507(e), a contractor may not subjugate its duty to pay a subcontractor to receipt of payment by the prime or general contractor from the owner. Nor may the contractor obligate a subcontractor to assume the risk of non-payment by the owner. Any such requirements (*see, e.g.*, Exhibit A (RGD Subcontract) §§ 11.1.1, 11.1.3, 11.2.1) are void under

the Delaware Prompt Payment Act. In this action, Dobco is the contractor, RGD is the subcontractor, and the USACOE or other federal authority is the owner.

59. Further under 6 *Del. C.* § 3507(e)(5), a construction contract or subcontract agreement may not "[r]equire a dispute or claim between the contractor and subcontractor to be governed or subject to the laws of a state other than Delaware or require litigation, arbitration, mediation or other dispute resolution processes to occur in a state other than Delaware." The provision contained in the RGD Subcontract requiring New Jersey law and venue is void and unenforceable. *See* Exhibit A, §§ 6.1.3, 6.2.5.

60. Although Dobco has not provided documentation or other substantive information to RGD that Dobco has not received payment from the owner for the labor and materials RGD provided to the Welch Project, any such claim by Dobco in defense of this action cannot be a basis to deny RGD's right to payment for its completed work.

61. Dobco has not provided RGD with any documented finding or determination that RGD's work on the Welch Project, or any portion thereof, was deficient. Nor has Dobco provided RGD with any written dispute of its invoicing for completed in-scope work (*See* **Exhibit C, exhibit 2, attached thereto**), or the proposed pricing for the completed CO work (*See* **Exhibit C, exhibits 3 and 4 attached thereto**) that has been accepted and incorporated into the Welch Project.

62. If Dobco had a dispute with any of RGD's work, under 6 *Del. C.* § 3508(a), Dobco was obligated to dispute, with specificity, RGD's invoices within seven days of receipt. Failure to lodge a dispute is deemed an acceptance of the invoices as presented. *Id.* at 3508(b).

63. Under 6 *Del. C.* § 3509(a), RGD is entitled to receive damages in an amount

equal to (and in addition to) the amount of payments for completed work that Dobco has wrongfully withheld and failed to pay to RGD under the (prompt) payment terms in the RGD Subcontract, or under 6 *Del. C.* § 3507 in the alternative.

64. In addition, under 6 *Del.C.* § 3509(b), RGD is entitled to recover its reasonable attorney fees and litigation costs.

65. The amount of the labor and materials RGD has provided to the Welch Project for which Dobco has not paid is $1,147,688.69, exclusive of accrued interest.

**WHEREFORE**, Plaintiff RGD, demands judgment in its favor and against Defendant Dobco, Inc., in the amount of $1,147,688.69, plus damages in an equal amount, plus pre-judgment and post-judgment interest, fees (including attorneys' fees), a declaration that to the extent any requirements of the RDG Subcontract are contrary to the provisions of the Delaware Prompt Payment Act, such requirements are void and unenforceable under Delaware law, and such other relief as the Court deems just and equitable.

OFFIT KURMAN, P.A.

*/s/ Thomas H. Kramer*
Anthony N. Delcollo, Esquire (DE 5688)
Thomas H. Kramer, Esquire (DE 6171
222 Delaware Avenue, Suite 1105
Wilmington, DE 19801
(302) 351-0903 – Telephone
(302) 351-0908
adelcollo@offitkurman.com
Tom.Kramer@offitkurman.com

Dated: July 5, 2023        *Counsel for Ralph G. Degli Obizzi & Sons, Inc.*

4879-2166-8718, v. 1