IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE UNITED STATES OF AMERICA for the Use and Benefit of RALPH G. DEGLI OBIZZI & SONS, INC., | |
| Plaintiff, | Civil Action No. 23-729-CFC |
| v. | |
| DOBCO, INC. and LIBERTY MUTUAL INSURANCE COMPANY, | |
| Defendants. | |

## MEMORANDUM ORDER

Pursuant to a contract with the United States Army Corps of Engineers (USACE), Defendant Dobco, Inc. agreed to serve as general contractor for a construction project. This action arises from a subcontract (the Subcontract) between Dobco and Plaintiff Ralph G. Degli Obizzi & Sons, Inc. (RGD), pursuant to which RGD was retained to fabricate and install the plumbing and HVAC systems for the project. Defendant Liberty Mutual Insurance Company issued a payment bond on behalf of Dobco, as principal, in favor of USACE, as obligee. On July 5, 2023, RGD filed its Complaint in this matter against Dobco and Liberty Mutual, asserting claims for breach of contract and quantum meruit, as well as

claims under the Miller Act, 40 U.S.C. § 3131, *et seq.*, and the Delaware Prompt Payment Act, 6 Del. C. § 3501, *et seq.*

Pending before me is Defendants' motion for a stay. D.I. 22. Defendants ask that I stay the case "pending completion of the dispute between Dobco, Inc. and the United States Army Corps[] of Engineers." D.I. 22-1 at 1.

I will deny the motion.

As an initial matter, courts don't stay cases pending completion of disputes. It is true that courts often stay cases pending completion of parallel dispute resolution proceedings. But in this case, Defendants have not alleged that such proceedings are underway.

Defendants argue that "this matter *must be stayed*," D.I. 23 at 7 (emphasis added and capitalization removed), because of this language from a clause in paragraph 3 of an Attachment to the Subcontract:

> Subcontractor shall not be entitled to assert any claim that is inconsistent with any such binding decision or factual or legal determination and expressly consents to the dismissal of any lawsuit or proceeding asserting such claim, provided however, **if such a suit or proceeding has been commenced and Contractor has commenced an appeal or other proceeding to challenge any such binding decision or determination, Subcontractor's lawsuit or proceeding may be stayed during the pendency, and until completion of all appeals and proceedings challenging such decisions or determinations**, as necessary to preserve

2

> Subcontractor's rights, if any, against the running of any applicable limitations period.

D.I. 23 at 7 (quoting Subcontract) (emphasis in the original). Putting aside the fact that this clause provides only that the Subcontractor's lawsuit or proceeding in question *may* (not must) be stayed, Defendants have not identified a "binding decision or factual or legal determination," let alone an appeal or other proceeding commenced by Dobco that would trigger the clause. Thus, the Subcontract does not require RGD to acquiesce to Defendants' stay request here.

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cheyney State Coll. Fac. v. Hufstedler*, 703 F.2d 732, 738 (3d Cir. 1983) (quotation omitted). When addressing a motion to stay, courts in the Third Circuit consider (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set. *Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*, 2005 WL 2465898, at *2 (D. Del. May 18, 2005) (citation omitted).

In this case, the first two factors are dispositive. RGD alleges that it has received no payment for its work on the project in question for almost two years

3

and that it is owed more than $1.1 million for that work. Staying this litigation would unduly prejudice RGD and present a clear tactical disadvantage to it. There is also no indication that a stay would simply issues in this case. Defendants have not identified a particular legal issue or proceeding in which Dobco and the USACE are engaged that would result a decision or determination; nor have they identified a specific issue in this case that such a decision or determination would simplify.

NOW THEREFORE, at Wilmington on this Fifteenth day of May in 2024, it is HEREBY ORDERED that Defendants' motion for a stay (D.I. 22) is DENIED.

_____
CHIEF JUDGE